UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL C. RIOS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Defendant. | Case No. 1:22-cv-01445-ADA-CDB <br><br> **ORDER DENYING PLAINTIFF'S REQUEST FOR FURTHER 45-60 DAY EXTENSION** <br><br> (ECF No. 19) |

On August 25, 2023, Plaintiff Gabriel C. Rios ("Plaintiff") filed a notice of settlement jointly executed with Defendant Ford Motor Company ("Defendant"). (ECF No. 15). In that filing, Plaintiff represented he "intends to file a noticed motion" for attorneys' fees and costs. *Id.* Accordingly, the Court ordered that, no later than September 29, 2023, either the parties file dispositional documents or Plaintiff file his motion for attorneys' fees. (ECF No. 16).

Instead, on September 29, 2023, counsel for Plaintiff filed a declaration in which he requested an additional 45-60 days within which to file either dispositional documents or the referenced motion for attorneys' fees given that the surrender of the vehicle at issue in this action had not occurred. (ECF No. 17). The Court found good cause to grant Plaintiff's request, and ordered Plaintiff file either dispositional documents or the referenced motion for attorneys' fees no later than November 17, 2023. (ECF No. 18).

Instead, on November 17, 2023, counsel for Plaintiff filed another declaration virtually identical to his September 29 declaration in which he requested an additional 45-60 days within which to file either dispositional documents or the referenced motion for attorneys' fees given that the surrender of the vehicle at issue in this action had not occurred. Counsel attests his "office reached out to Defense counsel via e-mail inquiring for an update regarding the status of the vehicle surrender" on November 7, 2023. *Id.* ¶ 9. Counsel further represents that he is unable to accurately prepare a fee motion because performance under the parties' settlement agreement is ongoing and his office "continues to incur fees." *Id.* ¶¶ 6, 7, 9.

Since it is clear from the pleadings that the parties have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties have not yet entered a stipulated dismissal. This dismissal order could issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and quotations omitted). *Accord, Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

Plaintiff has not demonstrated good cause for his second request to delay by another 45 to 60 days dismissal of this case. Nevertheless, the Court declines to recommend dismissal at this juncture as it is apparent the parties have worked diligently to reach a negotiated resolution of their claims. Accordingly, the Court will grant the parties 14 days to file an appropriate stipulation for dismissal – no further extensions will be granted.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff shall file either dispositional documents or a motion for attorneys' fees no later than December 4, 2023.

IT IS SO ORDERED.

Dated:  **November 20, 2023**

UNITED STATES MAGISTRATE JUDGE